### SEIBERT, Recr v HERRING

Ohio Supreme Court

No 21536.  Decided June 5, 1929

Syllabus by ALLEN, J

**PLEADINGS—Trial (590 E3h)**

(440 D)  The admission arising from a demurrer is not to be regarded as evidence or considered as equivalent to evidence. It merely denies the legal sufficiency of the facts alleged, and hence such facts are admitted solely for the purpose of testing their sufficiency in law.

Marshall, CJ, Kinkade, Matthias and, Day, JJ, concur.  Robinson and Jones, JJ, concur in the syllabus, but dissent from the judgment.

### AUSTIN CO v BROWN

Ohio Supreme Court

No 21370.  Decided June 5, 1929

Syllabus by MARSHALL, CJ

**EMPLOYER & EMPLOYE**

(250 W3)  The widow of a workman, injured in the course of the employment and dying as a result of such injuries, is not excluded from the presumption of being wholly dependent under **Section 1465-82 GC**, by the fact that the marriage was contracted after the date of the injury.

Paragraph (a) of sub-section 5 of Section 1465-82 is not limited by the later provisions of that section.

To entitle a widow to death benefits it is only necessary to prove that she was lawfully married to the deceased employee and was living with him at the time of his death, that he was injured in the course of his employment, that his compensation or disability was continuous to the time of his death, and that the death was the result of the original injury.

Kinkade, Day and Allen, JJ, concur. Robinson, Jones and Matthias, JJ, concur in propositions one and two of the syllabus and in the judgment.

### STATE ex CHANDLER v JACKSON et

Ohio Supreme Court

No 21715.  Decided June 5, 1929

**AIR TRANSPORT—Real Estate (510 Ca)**

(17 A)  The authority given to municipalities in this state by **3839 GC**, to purchase or condemn land necessary for landing fields for air craft and transportation terminals and rights of way for connection with highways and railways gives to such establishments the character of a public utility, and all laws applicable to municipally owned utilities are applicable thereto.

Kinkade, Robinson, Day and Allen, JJ, concur.  Jones and Matthias, JJ, concur in the syllabus, but dissent from the judgment.